CR _____1:26-047-00_____

USA  vs.  _____ALFONZO WILLIAMS_____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

NOTICE TO RETAINED CRIMINAL DEFENSE ATTORNEYS

Retained criminal defense attorneys are expected to make financial arrangements satisfactory to themselves and sufficient to provide for representation of each defendant until the conclusion of the defendant's case. An attorney's appearance on behalf of a party constitutes an affirmative representation of the fulfillment of such expectation. Counsel's withdrawal from a pending case must be approved by a judge of this court. Once an appearance by counsel is made, the court will expect counsel to represent the defendant until the conclusion of the case. Ordinarily, a defendant's failure to pay sums owed for attorney's fees or counsel's failure to collect a sum sufficient to compensate for all services will not constitute good cause for withdrawal. Moreover, counsel are reminded of the DIRECTORY RULES of the State Bar of Georgia as a further explanation of the Canons of Ethics. [See, e.g., DR 2-110 (C)(1)(f) ]. A mere failure to pay an attorney does not amount to a client's deliberate disregard of an obligation to a lawyer as to expenses and fees.

Every defendant has a right to appeal from any conviction; therefore, a convicted defendant's case is not concluded until his direct appeal is decided. Thus, the further expectation of this court and the United States Court of Appeals for the Eleventh Circuit is that retained counsel, in making satisfactory financial arrangements, will contemplate services to be rendered upon appeal.

If a defendant moves the court to proceed on appeal in forma pauperis and/or for appointment of Criminal Justice Act appellate counsel, retained counsel will be required to disclose (1) the total amount of fees and costs paid, (2) by whom fees and costs were paid, (3) the method of any such payment, and (4) the costs actually incurred and the services actually rendered. [Note that matters involving the receipt of fees from a client are not generally privileged, United States v. Sims, 845 F.2d 1564 (11th Cir. 1988); In Re Slaughter, 694 F.2d 1258 (11th Cir. 1982); In Re Grand Jury Proceedings: United States v. Jones, 517 F.2d 666 (5th Cir. 1975). ] Unless otherwise ordered by the court, all information submitted will be viewed in camera unless otherwise ordered by the court for the purpose of deciding the defendant's in forma pauperis motion.

Except in extraordinary circumstances, this policy will be strictly applied. Any such extraordinary circumstances shall be brought to the court's attention by emergency motion for withdrawal of counsel.

COPY TO BE SERVED UPON EVERY RETAINED LAWYER; FILE A COPY AND NOTE SERVICE THEREON.

# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA

## NOTICE OF COUNSEL'S POST–CONVICTION OBLIGATIONS

**1. Duty of Continuing Representation on Appeal:**

   Retained Counsel: I understand that under 11th Cir.R. 46–10(a), "[r]etained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court." *Id.*

   Appointed Counsel: I understand that under 11th Cir.R. 46–10(c), "Counsel appointed by the trial court shall not be relieved on appeal except in the event of incompatibility between attorney and client or other serious circumstances." *Id.*

**2. Duties Regarding The Filing of Direct Appeals:**

   I understand that, whether I was retained or appointed to represent my client, I am obligated to fully advise my client about his direct appeal rights including: advising him about the advantages and disadvantages of pursuing an appeal, making a reasonable effort to discover his wishes in that regard, and filing a direct appeal if he so requests, irrespective of any perceived merits of the appeal. *See Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *Thompson v. U.S.,* 504 F.3d 1203 (11th Cir.2007) (counsel has a constitutional duty to adequately consult with his client about an appeal if: (1) any rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) this particular defendant reasonably demonstrated to counsel that he is interested in appealing). Furthermore, I understand that I should not rely upon the sentencing judge's instructions alone to satisfy my duty to consult with my client, and "[s]imply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense." *Thompson,* 504 F.3d at 1207. Rather, I must fully explain to my client the appellate process, the advantages and disadvantages of taking any appeal, and the fact that I am obligated to file an appeal if that is what my client requests, regardless of my recommendation. *Id.*

**3. Duty Regarding Frivolous Appeals:**

   If, after conscientious review of my client's appeal, I find that the appeal is without merit, I am aware of the option to move the appellate court for leave to withdraw from further representation of the appellant and file a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *See, e.g., U.S. v. Dotson,* 2008 WL 1946785 (11th Cir.2008) (unpublished) (standard procedure for Anders briefs); *U.S. v. Hall,* 499 F.3d 152, 155–56 (2nd Cir.2007) (Anders brief substantive requirements).

**4. Duty to Provide Timely Notice of Decisions Impacting Client's Case:**

   My duties as appellate counsel on direct appeal include my obligation to give the defendant timely notice of any court decision affecting his case. *Smith v. Ohio Dep't of Rehab., and Corr.,* 463 F.3d 426, 433 (6th Cir.2006); *see also id.* at 434 (failure of defendant's counsel to provide him with timely notice of decision of intermediate appellate court on direct appeal was constitutionally deficient performance).

**5. Suggested Filing:**

I understand that I am duty-bound to not only consult with my client following conviction and sentence, but also have him or her express, in writing, his or her decision whether or not to appeal.

**Rec'd this___day of_____, 20____.**

Sign:_____Print_____, Attorney for Defendant_____

# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA

### POST–CONVICTION CONSULTATION CERTIFICATION

**TO BE COMPLETED AND FILED BY COUNSEL:**

I,_____[print   name],   attorney   for_____[print   name],

certify that I this day met with my client,_____[print name] and:

• I found him/her to be of sound mind, clear-headed, and able to comprehend all of what I advised him/her regarding his/her right to appeal from the conviction and sentence in this case.

• I have fully explained to him/her the appellate process, including that he/she

(a) has the right to a direct appeal to the Eleventh Circuit, with assistance of counsel, free of charge, if he/she is indigent, but to exercise that right he/she

(b) must timely file a notice of appeal and

(c) comply with all appellate form-completion and briefing obligations;

• I have advised him/her about the advantages and disadvantages of pursuing an appeal;

• I have thoroughly inquired of him/her about his/her interest in appealing his/her conviction.

It is in that light that (check one):

_____   he/she has decided to file an appeal and thus has instructed me to file it for him/her.

_____   he/she has decided not to file an appeal, and I have explained to him/her the consequences of failing to do so. Those consequences include the waiver of his/her right to complain about the process that led up to his/her conviction, including in the future, should he/she decide to seek any form of habeas corpus, 28 U.S.C. § 2255, or other judicial relief from the conviction.

This___day of_____, 20__.

Print:_____name of attorney

Sign:_____signature of attorney

Witnessed:

Print:_____name of defendant

Sign:_____signature of defendant

**TO BE COMPLETED BY THE DEFENDANT:**


I,_____[print name], certify that I this day met with my attorney,

_____[print name] and:

• I am of sound mind, clear-headed, and able to comprehend all of what my attorney has advised me about my right to appeal my conviction and sentence in this case;

• My attorney has fully explained to me the appellate process, including that I

      (a) have the right to a direct appeal to the Eleventh Circuit, with assistance of counsel, free of charge, if I am indigent, but to exercise that right I

      (b) must timely file a notice of appeal and

      (c) comply with all appellate form-completion and briefing obligations;

• My attorney has advised me about the advantages and disadvantages of pursuing an appeal;

• My attorney has thoroughly inquired of me about my interest in appealing my conviction.

It is in that light that (check one):


_____    I have decided to file an appeal and thus have instructed my attorney to file it for me.

_____    I have decided not to file an appeal, and my attorney has explained to me the consequences of failing to do so. Those consequences include the waiver of my right to complain about the process that led up to my conviction, including in the future, should I decide to seek any form of habeas corpus, 28 U.S.C. § 2255, or other judicial relief from the conviction.


This____day of_____, 20__.

                      Print:_____name of attorney

                      Sign:_____signature of attorney

        Witnessed:

                      Print:_____name of defendant

                      Sign:_____signature of defendant


**FILING:** Counsel must file this form in the trial-court record of the defendant's case within ten business days following its completion. Attach this as the second page of a document bearing the caption of your client's case with this title: "POST–CONVICTION CONSULTATION CERTIFICATION."